**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             CASE NO. 8:15-CV-284-T-EAK-TBM

HECTOR L. PIZANO,

    Defendant.

_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

    The cause is before the Court on Plaintiff's motion for summary judgment (Doc. 7). The Court granted the Defendant up to and including May 20, 2015, to respond to the motion or the Court would resolve the motion without a response. (Doc. 9). No timely response has been filed.

**STANDARD OF REVIEW**

    This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

    The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

CASE NO. 8:05-CIV-1086-T-17-MAP

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996). (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996)

A court, however, may only consider "that evidence which can be reduced to an admissible form," *Rowell v. BellSouth Corp.,* 433 F.3d 794, 799 (11th Cir. 2005). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* In considering the evidence, the court resolves all reasonable doubts about the facts in favor of the non-moving party and draws all justifiable inferences in its favor. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The court does not,

CASE NO. 8:05-CIV-1086-T-17-MAP

however, weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249-50.

## DISCUSSION

The Plaintiff has established the following undisputed facts in this case, including through the declaration of Anthony Lowery, Loan Analyst for the Department of Education. The Plaintiff, the United States of America, moves the Court for summary judgment in this cause of action to recover on defaulted student loans. The loans were obtained from Windsor Savings Association, Austin, Texas, guaranteed by the Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of Education under programs authorized by Title IV-B of the Higher Education Act of 1965, as ameneded, 20 U.S.C. 1071, *et seq.* The Court having reviewed the entire records finds that the motion for summary judgment is supported and is unopposed. The Plaintiff is entitled to summary judgment in this cause of action. Accordingly, it is

**ORDERED** that the motion for summary judgment be **granted** and that judgment is hereby entered in favor of Plaintiff, the United States of America, and against defendant, Hector L. Pizano, and, it is further

**ORDERED AND ADJUDGED** that Plaintiff recovers of the defendant, Hector L. Pizano, the sum of $14,015.56 ($2,745.85 in principal and $3,514.78 in interest at the rate of 3.35% for Account No. 2014A56043 and $2,901.97 in principal and $3,933.48 in interest at the rate of 3.35% for Account No. 2014A56136. In accordance with the supporting documentation attached as Exhibits "A" and "B" to Plaintiff's Motion for Summary Judgment, together with taxed costs in the amount of $1,055.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $75.00, plus Attorney's Fees of $980.00. The Government is entitled to attorney's fees under the Higher Education Act of 1965, 20 U.S.C. §1071 *et seq.,* (the "Act"). The Act provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay...reasonable collection costs." 20 U.S.C §1091a(b)(1).; United States v. Vilus, 419 F. Supp.2d 293, 296-97(E.D.N.Y. 2005). One of the statute's

CASE NO. 8:05-CIV-1086-T-17-MAP

implementing regulations specifies that "[i]f a borrower defaults...the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 682. In turn, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt [i.e., a defaulted student loan]. These costs include..[c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8). for all of which sums let execution issue. It is further

**ORDERED AND ADJUDGED** that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by 28 U.S.C. §2001, *et seq.*, 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: Becker & Poliakoff P.A., 121 Alhambra Plaza 10th Floor, Coral Gables, FL 33134. Defendant's address is: Hector L. Pizano, 36615 Terry Road, Dade City , FL 33523.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 21st day of May, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record